THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-cv-387 |
| MACON MORTGAGE, INC., RUSKIN R. SHIPP, STEPHANIE WARD, and NATIONAL CITY MORTGAGE, INC., | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S MOTION TO STAY

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") asks the Court to issue an order staying another case pending before the Court, National City Mortgage, Inc. v. Macon Mortgage, Inc., Civil Action No. 5:07-cv-252 ("the underlying suit"), pending the resolution of its claims in this case. In this declaratory judgment action, Philadelphia seeks a determination that it has no obligation to provide a defense or indemnity to its insured, Macon Mortgage, as to claims brought by National City in the underlying suit. Upon review of the arguments of counsel and the relevant legal authorities, Philadelphia's motion to stay (Doc. 4) is hereby **DENIED**.

National City's underlying lawsuit was filed in this Court on June 28, 2007. In its suit, National City alleged various counts including negligence, breach of contract, fraud, and racketeering against Macon Mortgage with regard to sixteen mortgages brokered or originated by Macon Mortgage. Philadelphia undertook a defense of the action for Macon Mortgage under a

1

reservation of rights, without objection. On October 11, 2007, Philadelphia filed the present declaratory judgment action, contesting its obligation to provide a defense or indemnity under the terms of its policy. Generally, Philadelphia contends that its policy does not provide coverage for National City's claims because Macon Mortgage had notice of the claims prior to the policy period and because the claims are excluded by various provisions of the Philadelphia policy related to intentional acts and actions arising under contract.

Philadelphia has not shown that the circumstances in this case warrant a stay of the underlying action. Although a district court has inherent power to control the disposition of cases on its docket, "this power must not be exercised lightly." Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D.Ga. 1983). The court's discretion must be guided by concern for the "interests of all the parties and the interests of the court in an orderly disposition of its caseload." Id. In this case, as in Home Insurance, those interests are better served by allowing the underlying case to proceed, as a stay would cause greater prejudice to the interests of the parties in the underlying case than the denial of a stay would cause to Philadelphia.

A stay in this case would most prejudice National City, the plaintiff in the underlying case. National City has no contract with Philadelphia and no claim against Philadelphia. Philadelphia has no claim against National City. This case concerns the contractual obligations of Philadelphia to its insured, Macon Mortgage. A stay of the underlying case would hinder National City's ability to prosecute its claims and pursue its interests. Philadelphia seeks to stay the underlying case pending completion of its declaratory judgment action. Although it contends that this case could be resolved quickly, some of the coverage defenses it raises involve the substantive issues in the underlying case, such as whether the alleged injuries to National City were the result of intentional

2

or negligent acts. Philadelphia would have no incentive to pursue its action with any haste. The indefinite delay in the proceedings of the underlying case, meanwhile, would make it more difficult for National City to pursue its action. As time passes, witnesses may disperse, memories may become cloudier, and the Defendants may become insolvent.

Macon Mortgage would also be prejudiced by a stay. Philadelphia, as its insurer, has conflicting interests between this case and the underlying case. In this case, Philadelphia would have an interest in discovering evidence and proving that Macon Mortgage committed intentional acts or breached its contracts with National City. In the underlying case, Philadelphia, as Macon Mortgage's insurer, would have an interest in absolving its insured of any liability. Allowing discovery to proceed in this case while staying discovery in the underlying case would deprive Macon Mortgage of the opportunity to discover exculpatory evidence while allowing its insurer to pursue the most inculpatory evidence against it.

Finally, a stay would also disserve the interests of judicial economy. Discovery has already commenced in the underlying action and is scheduled to be completed in three months. Because the legal questions involved in the two cases are not the same, the resolution of this declaratory judgment act will have no impact on the resolution of the underlying action. There are a number of related factual issues involved, however, and the question of Philadelphia's ultimate obligation to indemnify Macon Mortgage may not be subject to determination until the outcome of the underlying case is certain.

Denial of the stay will prejudice Philadelphia only in that Philadelphia will be required to continue to defend its insured under a reservation of rights in the underlying case or to deny a defense outright and run the risk of bad faith penalties. Because the underlying case is already in

3

progress and Philadelphia is already incurring the costs of its defense, it will have an incentive to resolve this declaratory judgment action as quickly as possible and minimize its costs.  By contrast, if the underlying action were stayed, Philadelphia might have an incentive to delay its prosecution of the declaratory judgment action, to the detriment of all parties to the underlying suit.  It is in the best interests of the various parties to these two suits that the underlying suit proceed and that Philadelphia and Macon Mortgage pursue resolution of this declaratory judgment action as quickly as possible.

      **SO ORDERED**.  This 7th day of December, 2007.


                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

chw